UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AGRIGENIX LLC, et al., <br><br> Defendants. | Case No. 1:18-cv-00536-AWI-BAM <br><br> **ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL** <br><br> (Doc. No. 69) |

On January 31, 2019, the Court issued a stipulated protective order in this case. (Doc. No. 33.) On January 10, 2020, Plaintiff filed a motion for leave to amend its complaint which included a copy of the proposed Second Amended Complaint attached as an exhibit thereto pursuant to Local Rule 137(c). (Doc. No. 68.) Currently before the Court is Plaintiff Deerpoint Group, Inc.'s ("Plaintiff") request, pursuant to the stipulated protective order and Local Rule 141, to file Exhibit 4 to Plaintiff's proposed Second Amended Complaint under seal. (ECF 119.) Defendants Agrigenix LLC and Sean Mahoney ("Defendants") were served with a copy of the request and did not file an opposition. For the reasons that follow, Plaintiff's request for filing under seal is granted.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597

1

& n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard and a "good cause" standard. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The key in determining which standard to apply is "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). Under this test, the "compelling reasons" standard applies to a request to seal all or part of a complaint. *Macias v. Cleaver,* 2016 WL 3549257, at *3 (E.D. Cal. June 30, 2016).

Defendants produced the document at issue pursuant to the terms of the stipulated protective order in this case. The stipulated protective order requires a party filing documents produced subject to its terms to comply with Local Rule 141's provisions for sealing of documents. (*See* Doc. No. 33 at 15.) Plaintiff contends that the document at issue should be sealed because it contains sensitive trade secret information related to the chemical composition of Defendants' products and instructions for combining those elements into a finished product. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana,* 447 F.3d at 1179. Having considered the document at issue, the Court concludes that Plaintiff has sufficiently shown compelling reasons for filing the document under seal.

Plaintiff further "requests assistance with destroying any electronic copies of [the document] in the Court's possession" upon "final ruling or order of the Court[.]" Plaintiff has not provided any authority for such an overbroad request and has not explained why it would be

2

necessary or appropriate. This request will therefore be denied.

Accordingly, compelling reasons being shown, IT IS HEREBY ORDERED:

1. Plaintiff's Request to Seal is GRANTED;

2. Exhibit 4 to Plaintiff's Second Amended Complaint, filed as Exhibit A to the Declaration of Jon Michaelson in support of Plaintiff's motion for leave to amend the complaint (Doc. No. 68-2), shall be filed and maintained under seal. Counsel shall comply with Local Rule 141 regarding disposition of the document for sealing; and

3. Plaintiff's request for assistance in destroying any electronic copies of the document to be sealed in the Court's possession upon final ruling or order of the Court is DENIED.

IT IS SO ORDERED.

Dated: **January 27, 2020** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE