UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGRIGENIX LLC, et al., <br><br> Defendants. | Case No. 1:18-cv-00536-AWI-BAM <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> (Doc. No. 68) |

Currently pending before the Court is Plaintiff Deerpoint Group, Inc.'s ("Deerpoint") motion for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 68.) Defendants Agrigenix, LLC and Sean Mahoney ("Defendants") did not file an opposition. pursuant to Local Rule 230(c). The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for February 28, 2020. (Doc. No. 79.) Having considered the motion as well as the record in this case, Plaintiff's motion for leave to amend shall be GRANTED.

**BACKGROUND**

On April 18, 2018, Plaintiff filed this action against Defendants alleging claims for trade secret misappropriation, false advertising, two claims for breach of contract, two related claims

for breach of the covenant of good faith and fair dealing, intentional interference with prospective economic advantage, and unfair competition. (Doc. No. 1.) Plaintiff is in the business of chemical water treatment solutions for agricultural irrigation and alleges that Defendant Mahoney, one of its former employees, launched Defendant Agrigenix, LLC as a direct competitor to Plaintiff using Plaintiff's confidential, proprietary, and trade secret information. (*Id.*)

Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which was granted in part and denied in part. (Doc. Nos. 10, 26.) On December 26, 2018, Plaintiff filed a First Amended Complaint consistent with the Court's order granting Defendants' motion to dismiss. (Doc. No. 27.) On January 14, 2019, Defendants filed a motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 30.) The Court granted the motion as to the claims for breach of the implied covenant of good faith with leave to amend and otherwise denied the motion. (Doc. No. 48.) Plaintiffs did not further amend the complaint but filed a motion for reconsideration of the Court's order granting in part and denying in part Defendants' first motion to dismiss, which was denied. (Doc. Nos. 50, 65.) Defendant filed an answer to the First Amended Complaint on July 16, 2019. (Doc. No. 51.)

On August 16, 2019, the Court issued a Scheduling Order in this case. (Doc. No. 61.) Pursuant to the Scheduling Order, a deadline for any stipulated amendments or motions to amend the pleadings was set for January 10, 2020. (*Id.*)

On January 10, 2020, Plaintiff filed the instant motion to amend. (Doc. No. 68.) According to the motion, Defendants have produced documents in the course of discovery containing specific information as to the composition of Defendants' products, details as to the manner in which those products were being made, and the identity of a third party that was making the products for Defendants. (*Id.*) Plaintiff therefore seeks to name the third party, Custom AG Formulators, Inc. ("Custom AG"), as a defendant and to bring a patent infringement claim against Defendants and Custom AG. (*Id.*) The claims previously dismissed by the Court are not realleged in the proposed Second Amended Complaint, a copy of which is attached as

2

Exhibit A to the Declaration of Jon Michaelson submitted in support of the motion. (*See* Doc. Nos. 26, 48, 68-2.)

**DISCUSSION**

Here, Plaintiff's motion to amend is timely pursuant to the deadlines set by the Scheduling Order. (*See* Doc. Nos. 61, 68.) The motion is therefore considered under the standard for amendment to the pleadings set forth in Federal Rule of Civil Procedure 15. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (holding that a motion to amend filed after a deadline set forth in a pretrial scheduling order must satisfy the requirements of Federal Rule of Civil Procedure 16.)

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

3

*Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Defendants did not file a timely opposition to the motion and the Court construes Defendants' failure to file a timely opposition as a non-opposition to the motion. Local Rule 230(c). Having considered the moving papers as well as the non-opposition from Defendants, the Court finds that Plaintiff has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, there will be no prejudice to Defendants in permitting the amendment, and there is no indication that such amendment is futile. Accordingly, leave to amend will be granted.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a Second Amended Complaint (Doc. No. 68) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiff shall file its Second Amended Complaint;

3. The Clerk of Court is directed to issue summons as to Custom AG Formulators, Inc.;

4. Plaintiff shall effectuate service of the summons and Second Amended Complaint on Custom AG Formulators, Inc. within the time limit for service prescribed by Federal Rule of Civil Procedure 4(m);

5. Defendants shall file an answer or other responsive pleading to the Second Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint; and

6. The Court SETS a STATUS CONFERENCE for **May 5, 2020, at 9:00 AM in Courtroom 8 (BAM) before the undersigned.** Plaintiff shall serve a copy of this order on Custom AG Formulators, Inc. The parties are encouraged to appear at the status conference by telephone

4

with each party using the following dial-in number and access code: **dial-in number 1-877-411-9748; access code 3219139.**

IT IS SO ORDERED.

Dated: **February 24, 2020**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE