UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>AGRIGENIX, LLC, a Delaware limited liability company; SEAN MAHONEY, an individual; and CUSTOM AG FORMULATORS, INC., a California Corporation,<br><br>Defendants. | Case No. 1:18-cv-00536-AWI-BAM (PC)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD SUBJECT TO CONDITIONS**<br><br>**ORDER SETTING CONDITIONS ON DEFENDANTS AGRIGENIX AND MAHONEY**<br><br>(Doc. 175) |

Pending before the Court is the motion by attorney Charles Manock, and Manock Law ("Counsel Manock"), and attorney George L. Hampton, and Hall Griffin LLP ("Counsel Hampton) to withdraw as attorneys of record for Defendants Agrigenix, LLC and Sean Mahoney ("Defendants"). (Doc. 175.) The matter was heard by videoconference on June 10, 2022, before United States Magistrate Judge Barbara A. McAuliffe. Plaintiff Deerpoint Group, Inc. appeared by videoconference by counsel Jon Michaelson, David R. McNamara, and Benjamin M. Kleinman. Defendants appeared by videoconference by counsel Charles Manock and George Hampton. Counter-claimant/defendant Custom Ag Formulators, Inc. appeared by counsel Sherri Flynn. Defendants Agrigenix and Mahoney did not appear despite the lengthy hearing and notice of the proceedings.[1]

Having considered the moving papers, opposition papers, the arguments of all counsel, the *in camera* discussion with moving counsel, and the record in this action, the motion to withdraw

---

[1] Counsel Manock and Counsel Hampton represented in their motion to withdraw that Mahoney informed Counsel Manock that neither Mahoney nor Agrigenix would oppose this motion. (Doc. 175.) Counsel Manock confirmed this representation at the June 10, 2022 hearing.

1

as counsel of record will be granted, subject to conditions.

## FACTUAL AND PROCEDURAL OVERVIEW

This case is a trade secret misappropriation and patent infringement case filed on April 18, 2018, related to chemical water treatment solutions for agriculture irrigation. In its Second Amended Complaint, Deerpoint seeks compensatory and punitive damages, and injunctive relief, arising out of the theft of Deerpoint's proprietary and trade secret information by Defendants Agrigenix and Mahoney for the benefit of competing company Agrigenix. Plaintiff alleges that Agrigenix, through Mahoney, quickly launched copycat products and unfairly interfered with Deerpoint's customer relationships during and after Mahoney's employment with Deerpoint. Deerpoint also seeks similar damages for an alleged patent infringement of one its patents by Agrigenix and Mahoney, and also alleges patent infringement by Custom Ag.

Over the years that this case has been pending, the parties have engaged in extensive discovery. The Court has been requested to resolve various discovery disputes, and the Scheduling Order was amended several times to accommodate the delay associated with obtaining discovery.

Then, on April 21, 2022, Deerpoint filed a Motion for Sanctions for Failure to Preserve Electronically Stored Information ("ESI") in Violation of FRCP 37(e) ("Motion for Sanctions"). (Doc. 168.) As detailed in the Motion for Sanctions, Plaintiff represents that throughout discovery, Mahoney and Agrigenix repeatedly insisted that all responsive material had been provided. But gradually, beginning in mid-2021, Deerpoint discovered that these representations were untrue and data had been intentionally spoliated. Through its investigations, Deerpoint discovered that Agrigenix's laptops have been "wiped" of any Agrigenix ESI, and Agrigenix and Mahoney permitted "cloud" stored ESI to be deleted, and actively deleted email communications between Mahoney and individuals he recruited from Deerpoint to join Agrigenix, among other spoliation issues. The information Deerpoint has been able to reconstruct substantiates its claims alleged in the Second Amended Complaint. In its Motion for Sanctions, Deerpoint details other potentially sanctionable conduct and outlines the painstaking efforts Deerpoint undertook to uncover evidence spoliated by Agrigenix and Mahoney.

1    Following the filing of the Motion for Sanctions, Agrigenix filed a petition for relief under

2 Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the

3 Eastern District of California, Case No. 22-10698.  (Doc. 170.)

4    Thereafter, on May 12, 2022, Counsel Manock and Counsel Hampton filed their motion to

5 withdraw as counsel for Agrigenix and Mahoney.

6    On June 2, 2022, the Bankruptcy Court granted Deerpoint's Motion For Relief From Stay

7 and lifted the stay to permit Deerpoint to proceed on its claims against Agrigenix.  (Doc. 180 and

8 181.)

9 **DISCUSSION**

10    **A.    Motion to Withdraw**

11    Agrigenix is currently represented by Counsel Manock and Counsel Hampton.  Sean

12 Mahoney is represented solely by Counsel Manock.  Counsel Manock and Counsel Hampton

13 move to withdraw because there has been an irreconcilable breakdown in the attorney-client

14 relationship and communications have deteriorated to the point that continued representation of

15 Agrigenix and Mahoney is no longer possible.  (Doc. 175.)  In their motion, Counsel Manock and

16 Counsel Hampton represented that they cannot disclose the specifics of the breakdown because,

17 "[d]isclosure of these specific details would require breach of the attorney-client privilege;

18 however, counsel will be prepared to address any questions the Court may have via *in camera*

19 review."  (Doc. 175.)  Counsel requests that the Court permit Agrigenix and Mahoney a stay of

20 proceedings for two months to allow Agrigenix and Mahoney time to retain counsel.

21    **B.    Deerpoint's Opposition to the Motion to Withdraw**

22    Plaintiff Deerpoint filed an opposition to the motion to withdraw.  (Doc. 181.)  Deerpoint

23 argues that the motion lacks specificity for any grounds to seek withdrawal, and the Court should

24 have Counsel Manock and Counsel Hampton relate facts *in camera* to support withdrawal.

25 Deerpoint also argues that permitting withdrawal of counsel will prejudice Plaintiff.  It will be

26 prejudiced because Deerpoint has filed a meritorious Motion for Sanctions for numerous

27 instances of spoliation of ESI, as outlined in detail in the motion.  (*See* Doc. 168.)  Plaintiff has

28 discovered wholesale destruction of ESI from several laptops that Plaintiff has been able to

3

forensically examine. Deerpoint argues that Defendants should not be permitted to delay the Court in deciding Deerpoint's meritorious Motion for Sanctions because Defendants have destroyed discovery critical to Plaintiff's case. Deerpoint further argues that given the length of time moving counsel have represented these defendants, including during the period when most if not all spoliation occurred, allowing Counsel Manock and Counsel Hampton to withdraw is likely to impede a full and fair resolution of the sanctions motion. Deerpoint argues that should the Court permit withdrawal, the Court should impose various conditions so that prejudice to Deerpoint is minimized, and Deerpoint proposes several conditions. (*See* Doc. 181 p. 6–7.)

**C.     Legal Standard**

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. <u>Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit</u>.

Local Rule 182(d) (emphasis added); *see also Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (finding that the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." California Rules of Professional Conduct, Rule 1.16(b)(4). The Rules also allow for permissive withdrawal where "the client insists upon

4

presenting a claim or defense in litigation, or asserting a position . . . that is not warranted under existing law and cannot be supported by good faith argument," (1.16(b)(1)) or where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Rule 1.16(b)(10).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas* 2014 WL 7359180, at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy." *Id.* at *2 (citation omitted).

**D.     Analysis**

In this case, the Court conducted an *in camera* hearing with Counsel Manock and Counsel Hampton. While attorney-client privilege precluded disclosure of the full measure of their conflict with continuing the representation of Defendants, Counsel Manock and Counsel Hampton disclosed that should they be forced to oppose Deerpoint's Motion for Sanctions, they may be subject to possible Rule 11 sanctions and violate their ethical duties to the Court, under Rule 1.16.[2] Here, whether Counsel may rely upon their clients' representations has been seriously called into question by their clients' conduct. Thus, in considering whether to permit withdrawal, the Court finds that the conduct of Agrigenix and Mahoney render it unreasonably difficult for Counsel to carry out their employment effectively. Opposing the Motion for Sanctions has placed Counsel in a position to assert defenses that are not warranted under existing law and cannot be supported by good faith argument, in violation of Rule 1.16(b)(1) and(b)(4), and Rule 11.

The next factor to consider is whether Deerpoint would be prejudiced from withdrawal. Considering the longevity of Counsel Manock's and Counsel Hampton's representation of

---

[2] The Court has reviewed the Motions for Sanctions and at the hearing on the motion to withdraw, expressed serious concern about the underlying evidence demonstrating significant spoliations of ESI as presented in the Motions for Sanctions.

Agrigenix and Mahoney, the Court agrees with Deerpoint that permitting withdrawal at this procedural posture of the case, including with the pending Motion for Sanctions, will result in prejudice to Deerpoint.[3]  However, it is possible for the Court to fashion conditions to mitigate prejudice to Deerpoint.

The other factors the Court should consider, the harm withdrawal might cause to the administration of justice and the degree to which withdrawal will delay the resolution of the case, go hand-in-hand at this point in the case.  Deerpoint has filed what appears to be a meritorious Motion for Sanctions for spoliation of ESI, which is well-supported by evidence.  Resolution of this motion should not be delayed and may well result in the resolution of the entire case.[4]  The Court finds that it can impose conditions to minimize the harm to the administration of justice and not delay the resolution of the case, yet provide Agrigenix and Mahoney with an opportunity to find counsel.  The administration of justice warrants the Court keeping the Motions for Sanctions on track for decision.

The Court finds that counsel has demonstrated good cause for permissive withdrawal as attorney of record in light of factors outlined above.  Given the procedural posture of this case, and given the conditions the Court will impose, the Court can minimize the harm to the administration of justice not unduly delay the resolution of the case.

**E.     Conditions**

As stated above, the Court may impose conditions on withdrawal of counsel.  Local Rule 182(d).  The Court finds that imposition of the following conditions are necessary to minimize prejudice to Plaintiff.  Therefore, the Court imposes on Defendants Agrigenix and Mahoney the following conditions:

**Retain New Counsel within 25 days:** Agrigenix cannot appear in this a case without counsel.  Local Rule 183(a).  Therefore, within 25 days of service of this order, Agrigenix shall retain counsel.  *Thacker v. AT&T Corp.*, No. 2:20-CV-00255 KJM CKD(PS), 2020 WL 6261626,

---

[3] The Court also considers that Agrigenix and Mahoney are being provided a defense under an insurance policy, and replacement counsel may come into this case in the near term.  (Doc. 181, n.1.)

[4] The Court acknowledges that Agrigenix's and Mahoney's position and explanation of the conduct raised in the Motion for Sanctions have not been presented to the Court by way of opposition.

1   at *3 (E.D. Cal. Oct. 23, 2020) (advising that the corporation shall obtain counsel within 20 days
2   of the date of this order or provide the court with its intention regarding retaining counsel and that
3   failure to obtain counsel may result in the imposition of sanctions including but not limited to
4   entry of default judgment).  This amount of time should be sufficient to find counsel.  Here,
5   Defendants learned of their Counsels' intent to withdraw no later than May 12, 2022, and
6   indicated that Defendants did not oppose withdrawal.  Defendants have already had an additional
7   30 days in which to locate counsel.  By separate order, the Court will set a status conference
8   regarding retaining counsel and intention to proceed.
9       Mahoney will be substituted in a proceeding *in propria persona*, as an individual may
10  represent himself or herself without an attorney. Local Rule 183(a).
11      **Do not Spoliate Evidence:** Based upon the arguments and evidence presented in the
12  Motion for Sanctions, (Doc. 168), the Court has reasonable cause to believe that spoliation of
13  evidence has occurred.  Therefore, is it ORDERED that Mahoney, and all persons acting in
14  concert with him, shall maintain, preserve, and not destroy documents or other material related to
15  Deerpoint or this litigation.
16      **Maintain Confidentiality of Deerpoint ESI/documents:** The Motion for Sanctions has
17  disclosed that Mahoney has had access to and used Deerpoint's confidential documents.
18  Therefore, it is ORDERED that Mahoney, and all persons acting in concert with him, shall not
19  possess, disclose, or use any of the material at issue in the Motion for Sanctions, (Doc. 168), and
20  Mahoney is not allowed to have in his possession the laptop computer recovered from Jason
21  Chow or copies of any of its contents.
22      **Consequences of not Retaining Counsel:**  Not later than the status conference,
23  Agrigenix and Mahoney must inform the Court how they intend to proceed.  If Agrigenix has not
24  engaged counsel by the date of status conference, Plaintiff may seek to strike Agrigenix's answer
25  and seek entry of default.
26      **Filing Opposition to Motion for Sanctions:** Defendants Agrigenix and Mahoney remain
27  responsible for opposing Deerpoint's pending Motion for Sanctions.  Any opposition to the
28  Motion for Sanctions, (Doc. 168), shall be filed not later than 60 days from service of this order.

7

Failure to do so could result in the Court granting the Motion for Sanctions, striking Defendants' answers, and/or entering default against Defendants. Any reply brief will be due 14 days following filing of the opposition. The Court will thereafter take the Motion for Sanctions under submission. The Court will retain ancillary jurisdiction over the moving counsel for purposes of the Motion for Sanctions, to address any arguments raised in Agrigenix's or Mahoney's opposition as to moving counsels' conduct. *See Optics Inc. v. Barracuda Networks Inc*., No. 17-CV-04977-RS, 2020 WL 1815690, at *3 (N.D. Cal. Feb. 28, 2020).

## **CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. The motion to withdraw as attorney of record for attorney Charles Manock, and Manock Law, and attorney George L. Hampton, and Hall Griffin LLP will be granted, upon the completion of the following:
    a. Submission of two filings with the Court:
        i. Counsel Manock and Counsel Hampton will each file an affidavit stating the last known address of Sean Mahoney and Agrigenix, in compliance with Local Rule 182(d). The Clerk of the Court is directed to update the docket with the contact information of Defendants upon such filing; and
        ii. Counsel Manock and Counsel Hampton shall each serve this order on Agrigenix and Mahoney and file notice of proof of such service; and
    b. Counsel Manock and Counsel Hampton shall each turn over any computers, hard drives, or other electronic components currently in their possession, or the possession of their agents or employees, to counsel for Deerpoint;
2. Sean Mahoney is substituted *in propria persona* in place and stead of attorney Charles Manock, and Manock Law, and attorney George L. Hampton, and Hall Griffin LLP. Agrigenix is reminded it may proceed in this case only through an attorney;
3. Agrigenix, within 25 days of the service of this order, shall retain counsel;
4. By separate order, the Court will set a telephonic status conference in this matter. Defendants' failure to appear at the status conference will result in imposition of sanctions

as outlined in the order setting the status conference;

5. Within 60 days of service of this order, Agrigenix, through counsel, and Mahoney shall file any opposition to the Motion for Sanctions, (Doc. 168). Failure to do so could result in the Court granting the Motion for Sanctions, striking Defendants' answers, and/or entering default against Defendants. The Court will retain ancillary jurisdiction over the moving counsel for purposes of the motion for sanctions; and

6. Defendant Mahoney is advised that pursuant to Local Rules 182(f) and 183(b) he is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number.

It is HEREBY FURTHER ORDERED that these conditions are imposed upon Defendant Mahoney:

1. **Do not Spoliate Evidence:** IT IS ORDERED that Mahoney, and all persons acting in concert with him, shall maintain, preserve, and not destroy documents or other material related to Deerpoint or this litigation.

2. **Maintain Confidentiality of Deerpoint ESI/documents:** It is ORDERED that Mahoney, and all persons acting in concert with him, shall not possess, disclose, or use any of the material at issue in the Motion for Sanctions (Doc. 168), and Mahoney is not allowed to have in his possession the laptop computer recovered from Jason Chow or copies of any of its contents.

IT IS SO ORDERED.

Dated: **June 13, 2022**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE