UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., an Illinois corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AGRIGENIX, LLC, a Delaware limited liability company, *et al.*,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 1:18-cv-00536-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXPERT FEES AND DENYING THE REQUEST FOR ADDITIONAL ATTORNEY FEES**<br><br>(Doc. 220) |

On October 31, 2022, this Court granted Plaintiff's Motion for Sanctions against Defendants Agrigenix, LLC and Sean Mahoney ("Defendants") for failure to preserve Electronically Stored Information ("ESI") in violation of Federal Rule of Civil Procedure 37(e). (Doc. 218.)  The Court awarded monetary sanctions and granted the request that a curative instruction be given at trial. (*Id.*)  In its Motion for Sanctions, Plaintiff also requested an award of expert fees expended in uncovering the spoliated ESI. (Doc. 168, pp. 25–26.)[1]  The Court found that it could not rule on the request for expert fees without additional evidence. (Doc. 218, p. 37.) The Court required Plaintiff to provide supplemental evidence as to the expert costs which

---

[1] Page numbers refer to the Court's CM/ECF pagination.

1

Plaintiff incurred in its attempt to recover spoliated evidence. (*Id.*)

On November 10, 2022, Plaintiff filed its supplemental briefing. (Doc. 220.) On November 23, 2022, Defendants filed a response to Plaintiff's supplement. (Doc. 221.) Plaintiff filed its reply on November 28, 2022. (Doc. 222.) Having considered the supplemental briefing by the parties, the Court GRANTS IN PART and DENIES IN PART Plaintiff's request.

**SUMMARY OF THE PARTIES' ARGUMENTS IN THE SUPPLEMENTAL BRIEFS**

The factual background and arguments giving rise to Plaintiff's sanctions request are set forth in detail in the Court's Order Granting Plaintiff's Motion for Sanctions and need not be repeated here. (Doc. 218.)

**A.  Plaintiff's Supplemental Briefing**

Plaintiff retained Digital Mountain, Inc. and its forensic examiner Chris Beeson for expert assistance in the spoliation investigation. Mr. Beeson performed approximately 60 hours of work, billed at $350 per hour, except for travel time. Digital Mountain also billed for the cost of shipping laptops and disk drives. Plaintiff previously submitted evidence of Mr. Beeson's expertise, qualifications, and complexity of his work in the previous briefing and supporting declarations. (*See* Doc. 168-39.) Mr. Beeson's and Digital Mountain's rates are reasonable and fair, and they have been used by Plaintiff's counsel in other cases. Their services are reputable, reliable, trusted, and fairly priced. Plaintiff had contacted a potential alternative source, and the quotes turned out to be similar. However, the potential alternative source did not include reviewing and assessing the content of recovered ESI and at one time, had hosted email services for Agrigenix, which may have posed a conflict.

Plaintiff asks for expert fees in the amount of $24,033.91 (*see* invoices at Doc. 220-1):

| Date | Vendor / Invoice No. | Amount |
|---|---|---|
| February 28, 2022 | Digital Mountain / Invoice 7099 | $10,618.85 |
| March 31, 2022 | Digital Mountain / Invoice 7121 | $12,452.56 |
| April 30, 2022 | Digital Mountain / Invoice 7296 | $962.50 |
| | **TOTAL** | **$24,033.91** |

Plaintiff also asks for additional attorney fees for one hour of partner time and three hours of senior associate time, for additional fees of $1,450.00. (Doc. 220, p. 4.) Therefore, the total

2

additional amount requested is $25,483.91.

### B. Defendants' Response

Defendants oppose the expert costs because: (1) the expert costs are based in inflated hourly rates; and (2) the request for additional attorney fees is not fair or equitable because the evidentiary support should have been provided with the claimed expert fees in the initial motion.

Defendants argue that the expert hourly rates are inflated for the Fresno market. Defendants submit evidence of Digital Mountain's government contracts rates from 2012–2017, which reflect an hourly rate of $220 per hour. (Doc. 221, p. 24.) Digital Mountain now is charging a 60% markup in Fresno as compared to its government rates. In addition, a $350 hourly rate for data analysis is facially unreasonable considering that the Fresno District Court has a *de facto* $400 per hour cap on experienced attorney hourly rates.

The requested additional attorney fees are not fair or equitable. Deerpoint failed to offer admissible evidence for its claimed expert costs in its motion for sanctions. The Court did not grant leave to seek more attorney fees than the already awarded $32,500.00 in attorney fees. Deerpoint failed to support its original request and should not be awarded additional fees for failing to do so. (Doc. 221, p. 3.)

### C. Plaintiff's Reply

Plaintiff argues that an expert rate higher than the *de facto* cap on attorney rates is irrelevant. Defendants do not cite to any authority that expert rates cannot be higher than attorney rates. The expert rate requested is fully supported.

The second argument by Defendants of "inflated rates" is an expired GSA rate sheet. (Doc. 221, p. 6.) The price list reflects a 10-year old government rate through "Modification # 30, dated February 13, 2012." (*Id.*) It also reflects an unidentified discount provided to government customers. (*Id.* at 11.) The GSA schedule expired in July 2017. Digital Mountain chose not to renew because it was not "a prudent decision for our company due to economic factors." (Doc. 222-1, Supp. Lewis Decl. ¶2.)

For the additional attorney fees requested, the Court awarded attorney fees, and the additional fees are for the expert fees request still pending.

# SUPPLEMENTAL AWARD OF FEES

### A.     Award of Expert Fees

As a reminder, federal courts have the discretion "to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

In the Court's Order Granting Plaintiff's Motion for Sanctions, the Court explained how and why it relied upon Plaintiff's expert and that an award of expert fees is warranted in this case. (*See e.g.*, Doc. 218, pp. 20, 24, 28, 30.) The only issue was the amount of expert fees to be awarded.

The Court will award the requested expert fees of $24,033.91. The Court has considered the evidence in support of and in opposition to the award. As stated in the Court's Order Granting the Motion for Sanctions, the forensic work performed by Mr. Beeson was critical to the Court granting the motion.

The Court rejects Defendants' challenge to the expert's rate of $350 per hour. As to this hourly rate, the Court considers the evidence submitted by Julie Lewis (President of Digital Mountain), both in the supplemental brief and reply brief, and concludes that $350 per hour is the market rate for the type of services provided with Mr. Beeson's expertise. In her declaration, Ms. Lewis explains how she competitively prices the services. (Doc. 220-2, Lewis Decl. ¶¶4–5; Doc. 222-1, Supp. Lewis Decl. ¶2.) The Court does not find persuasive the evidence submitted by Defendants of the GSA rate sheet from 2012–2017 for Digital Mountain. The Court agrees with Plaintiff that the GSA rates were provided at some unspecified discount, and the contract was not renewed because it was not a prudent business decision due to economic factors. (Doc. 222-1, Supp. Lewis Decl. ¶2.) Further, the GSA rate sheet expired some five years ago, and rates undoubtedly have increased. (Doc. 221, p. 6.)

In addition, the Court disagrees with Defendants' argument that expert rates should approximate attorney hourly rates. The Court can envision expertise which outpaces attorney rates, such as in medical cases or here, where uncovering spoliated ESI is no easy task. Indeed, for unique technical expertise as that provided by Mr. Beeson, it is reasonable that a premium rate

must be paid for such expertise. The Court also considers that Plaintiff contacted a local forensic expert, but declined to hire that expert to avoid the potential conflict based on the expert's past business relationship with Agrigenix and that expert did not provide the analytical services needed in this case.

### B.     Additional Attorney Fees

Plaintiff requests an additional award of $1,450.00 for time spent "for one hour of partner time and three hours of senior associate time for identifying and engaging the services of Digital Mountain and Mr. Beeson, as set forth in ECF No. 168-38." (Doc. 220, p. 4.)

The Court declines to award any additional attorney fees. The Court agrees with Defendants' arguments that the evidentiary support should have been provided in the original motion.

## CONCLUSION AND ORDER

For the reasons stated, the Court HEREBY ORDERS:

1. Plaintiff's supplemental request for fees, (Doc. 220), is GRANTED IN PART and DENIED IN PART as follows:
    a. The Court GRANTS Plaintiff's request for expert fees; and
    b. The Court DENIES Plaintiff's request for additional attorney fees; and
2. Therefore, considering the Court's prior Order, (Doc. 218), Plaintiff is awarded the total monetary sanction of FIFTY-SIX THOUSAND FIVE HUNDRED THIRTY-THREE DOLLARS AND NINETY-ONE CENTS ($56,533.91), against Defendants Agrigenix and Mahoney, joint and several, which consists of $32,500.00 in attorney fees and $24,033.91 in expert fees.

IT IS SO ORDERED.

Dated:   **December 14, 2022**           /s/ *Barbara A. McAuliffe*           
                                         UNITED STATES MAGISTRATE JUDGE