# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEERPOINT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGRIGENIX, LLC, et al., <br><br> Defendants. | Case No. 1:18-cv-00536-AWI-BAM <br><br> ORDER GRANTING MOTION TO ALLOW FOR VIDEO APPEARANCES AT SETTLEMENT CONFERENCE UNDER CERTAIN PARAMETERS <br><br> (ECF Nos. 228, 232, 233) |

A settlement conference is currently set for March 13, 2023, before Magistrate Judge Stanley A. Boone. (ECF No. 230.) As indicated in the January 17, 2023, order setting the settlement conference, "[u]nless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear, in person, at the Settlement Conference with the parties, **a representative from Defendants' insurance company**, and the person or persons having **full authority** to negotiate and settle the case **on any terms** at the conference." (ECF No. 228 at 1 (emphasis in original).) On February 10, 2023, Defendant and Counterclaimant Agrigenix, LLC, and Defendant Sean Mahoney ("Defendants"), filed a motion for leave to amend the settlement conference order to permit certain counsel and the insurance company representative to appear remotely. (ECF Nos. 232, 233.)[1]

---

[1] Two such motions were filed on the docket on the same date, however, the Defendants provided no notice indicating the reason. To the Court, the filings appear identical except the later-filed motion contains a declaration of the insurance representative, and a proof of service. (Compare ECF No. 232, with ECF No. 233.) The Court shall construe the later-filed motion as the operative motion before the Court, correcting the deficiencies in the first.

1    Defendants first proffer that given the multi-faceted nature of Plaintiff's claims and
2 Defendant Agrigenix, LLC's counterclaim, Defendants intend to try the case with three attorneys
3 with varying practice areas and specialties.  Defendants' lead attorney, Gary K. Brucker, Jr., is a
4 licensed California attorney and plans to attend the Settlement Conference in person.
5 Defendants' other two trial attorneys reside in Colorado.  Defendants proffer travel from
6 Colorado to California for both of these attorneys will be expensive and will only reduce the
7 amount of funds available for settlement purposes.  With Mr. Brucker's planned in-person
8 appearance, Defendants argue the remote attendance of Defendants' other two trial attorneys will
9 not affect the efficiency, nor the effectiveness, of the settlement conference.  Defendants further
10 explain they plan to rely on these remote attorneys to provide discrete input on specific issues or
11 valuations as they may arise, however Mr. Brucker will possess full settlement authority on
12 behalf of Defendants.

13   For separate reasons, Defendants also request for the Court to permit Defendants'
14 insurance carrier representative to attend the settlement conference remotely as well, proffering
15 given his medical history and the current lack of mask mandates on air travel, the insurance
16 representative holds sincere and significant aversion to travel from New York, where he resides,
17 to California for the Settlement Conference.  (Mot. 4-5; Decl. Daniel R. Lavoie Supp. Mot.
18 ("Lavoie Decl.") ¶¶ 5-9, ECF No. 233-1 at 1.)  Specifically, the insurance representative's recent
19 medical struggles place him at a heightened risk for additional, and gravely serious, reinfection
20 of COVID-19.  (Id.)  The insurance representative further does not have any similarly situated
21 colleagues who may attend in his place.  (Lavoie Decl. ¶ 4.)  Defendants submit that given
22 Defendants and at least one trial counsel will attend the conference in-person with full settlement
23 authority, the remote appearance will not have any impact on the efficiency nor the effectiveness
24 of the settlement conference.

25   The Court finds good cause to grant the motion under certain parameters.  Because the
26 Court is no longer conducting settlement conferences via videoconference as a normal practice,
27 as it was during the COVID-19 public emergency, the Court will not arrange for a separate
28 videoconference platform for these participants to appear.  In other words, Defendants shall be

responsible for ensuring the participants' remote appearance before the Court is essentially akin to them being present.  Defendants shall be responsible for ensuring that remote counsel and the insurance adjustor are able to attend via a videoconference platform for the entirety of the settlement conference, such as Zoom, Microsoft Teams, or other comparable platform. Defendants shall provide a laptop or tablet system[2] with a sufficient screen size and audio capabilities, as well as its own remote internet connection, for the participants to contribute by video at any point during the settlement conference. The Court does not have public Wi-Fi available. Counsel and the insurance adjustor may turn off their camera when not actively participating, however, counsel and the insurance adjustor shall remain in attendance in a manner so they may participate on demand without delay and shall not be allowed to leave because of pre-scheduled appointment due to time zones or otherwise.  Lastly, while it goes without saying but the Court is forced to remind all parties allowed to appear via a video platform that they must dress appropriately and have appropriate backgrounds as if they were testifying or appearing in court.  Failure to comply with this order will result in the video participants being ordered to attend at a future date.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to amend the settlement conference order, (ECF Nos. 232, 233), is GRANTED, and the above-described counsel and insurance representative may appear remotely at the March 13, 2023 settlement conference, under the parameters outlined above in this order.

IT IS SO ORDERED.

Dated:   **February 13, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds tablets provide a user-friendly interface for such hybrid-remote conferences, however, the Court will allow the Defendants to utilize a laptop or other monitor, provided the Defendants provide a sufficient independent internet connection for the participants' video connection to remain stable during the entirety of the conference.  Defendants may not rely on any internet connection provided by the Court.  The Court expects the screen size to be at least as big as a standard tablet; *i.e.*, a cell phone is not sufficient.  The parties may contact Judge Boone's Courtroom Deputy Clerk Victoria Gonzales at vgonzales@caed.uscourts.gov or (559) 499-5672, with any questions or to obtain assistance in complying with this order.